UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR T.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. 3:18-CV-05994-DWC

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner"), which denied him disability insurance benefits ("DIB"). *See* Dkt. 1. Currently before the Court is Defendant's Motion for Summary Judgment ("Motion"). Dkt. 12. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After reviewing the Motion, the parties' briefing, and the relevant record, the Court concludes Plaintiff failed to timely file his Complaint seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision. Further, Plaintiff has failed

to demonstrate the extraordinary circumstances which would warrant equitable tolling. As Plaintiff failed to state a claim upon which relief can be granted, the Court grants Defendant's Motion (Dkt. 12).

## FACTUAL AND PROCEDURAL HISTORY

On November 19, 2014, Plaintiff filed an application for DIB, alleging disability as of June 13, 2014. *See* Dkt. 12-1, p. 8. The application was denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before ALJ S. Andrew Grace on May 3, 2017. *See id.* In a decision dated October 27, 2017, the ALJ determined Plaintiff to be not disabled. *See id.* at pp. 8-18.

The undisputed evidence shows that on September 26, 2018, the Appeals Council issued a "Notice of Appeals Council Action" ("Notice"), denying Plaintiff's request for review of the ALJ's decision and making the ALJ's decision the final decision of the Commissioner. *See id.* at pp. 24-26; 20 C.F.R. §§ 404.981, 416.1481. In the Notice, the Appeals Council informed Plaintiff that he had 60 days to seek judicial review of the ALJ's decision by filing a civil action. Dkt. 12-1, p. 25. Specifically, the Notice stated:

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give you reason(s) for the request.

*Id.*

It is undisputed that, because the Appeals Council Notice was dated September 26, 2018, Plaintiff was presumed to have until November 30, 2018, to initiate a civil action in this Court.

*See id.*; *see also* 20 C.F.R. § 422.210(c). On November 30, 2018, Plaintiff's attorney requested a 14-day extension from the Appeals Council to file a civil action. Dkt. 12-1, pp. 30-32. Plaintiff's attorney stated he requested this extension because he had been unable to contact Plaintiff for information necessary to file a civil action, and he now needed time to associate with local counsel. *Id.* at p. 32.

On December 3, 2018, Plaintiff initiated the civil action in this Court. *See* Dkt. 1. On January 16, 2019, the Appeals Council denied Plaintiff's request for additional time to file a civil action. Dkt. 12-1, pp. 34-36. The Appeals Council found the reasons Plaintiff's counsel stated for needing an extension were "not good reasons for making or granting the request." *Id.* at p. 34.

On April 3, 2019, Defendant filed the Motion as a motion to dismiss pursuant to Rule 12(b)(6), arguing the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted.[1] Dkt. 14. On April 22, 2019, Plaintiff filed a Response. Dkt. 14. Defendant filed a Reply on April 26, 2019. Dkt. 16. Both parties filed declarations and other documents in support of their arguments about the timeliness of Plaintiff's Complaint. *See* Dkt. 12, 12-1, 14, 14-1—14-4.

After reviewing the briefing and documents filed by both parties, the Court, on May 22, 2019, issued the Order Converting Defendant's Motion to Dismiss to a Motion for Summary Judgment. *See* Dkt. 14; *see also* Fed.R.Civ.P. 12(d). The Court also gave both parties the opportunity to file optional supplemental briefing. Dkt. 14. Neither party filed supplemental briefing. *See generally* Dkt. On June 5, 2019, the Motion came ready for the Court's consideration. *See* Dkt. 14.

---

[1] Defendant also moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *See* Dkt. 12. However, as discussed below, the timeliness of the Complaint in this case is a statute of limitations issue, not a jurisdictional issue. *See Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). Accordingly, the Court declines to consider Defendant's subject matter jurisdiction argument.

STANDARD OF REVIEW

Summary judgment is proper only if the pleadings, discovery, and disclosure materials on file, and any affidavits, show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

DISCUSSION

Defendant argues the Court should dismiss the Complaint because Plaintiff filed it outside of the applicable statute of limitations, and as such, Plaintiff failed to state a claim upon which relief can be granted. Dkt. 12. In addition, Defendant contends there is no basis for equitable tolling. *See id.*

**A. Whether this action is barred by the statute of limitations.**

Defendant first asserts Plaintiff's Complaint is barred by the statute of limitations. Dkt. 12, pp. 3-4.

If a claimant wishes to obtain judicial review of a final decision of the Social Security Administration, he must file a civil action within 60 days "after the mailing to him of notice of such decision or within such further time as the [Commissioner] may allow." 42 U.S.C. § 405(g). "'Mailing' is construed as the date of receipt of the notice, which is presumed to occur five days after the date of the notice." *Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing 20 C.F.R. § 422.210(c)). Hence, "[a] civil action filed within 65 days of the notice is presumed timely." *Williams v. Comm'r of Soc. Sec.*, 2019 WL 1556659, at *4 (E.D. Cal. April 10, 2019) (citing 20 C.F.R. §§ 416.1401, 422.210(c)). This period "is not jurisdictional, but instead constitutes a statute of limitations." *Vernon*, 811 F.2d at 1277; *see also Bowen v. City of New York*, 476 U.S. 467, 476 (1986). Because "it is a condition on the waiver of sovereign immunity," this period "must be strictly construed." *Bowen*, 476 U.S. at 479; *see also Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (action commenced two days late properly dismissed); *Davila v. Barnhart*, 225 F.Supp.2d 337, 340 (S.D.N.Y. 2002) (citations omitted) (dismissing complaint although filed "only one day late," observing that "courts have not hesitated to enforce the 60-day period as a firm limit"). However, a claimant may rebut the presumption that he received notice from the Appeals Council within five days of its date by making a "reasonable showing to the contrary." *See* 20 C.F.R. 422.210(c).

In this case, it is undisputed that the Appeals Council issued its Notice on September 26, 2018. *See* Dkt. 12-1, pp. 24-26; Dkt. 14-1, pp. 2-4. Accordingly, the Commissioner's decision became final on September 26, 2018, and it was presumed that Plaintiff received the Notice on October 1, 2018. *See Vernon*, 811 F.2d at 1278; 20 C.F.R. § 422.210(c). Plaintiff therefore had until November 30, 2018 to file the Complaint, unless he could make a "reasonable showing to the contrary." *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c).

Plaintiff argues, however, that his attorney's office did not actually receive the Notice until October 4, 2018, thereby making the Complaint filed on December 3, 2018 timely filed within 60 days of receipt. *See* Dkt. 14, p. 5. In support, Plaintiff submitted sworn declarations from a legal assistant and a paralegal who are employed at his attorney's office. Dkt. 14-2 (Galvez Dec.) ¶ 4; Dkt. 14-3 (Garma Dec.) ¶ 4. The declarations describe the office's procedures for stamping mail with the date the mail is received at the office. *See* Dkt. 14-2 (Galvez Dec.) ¶ 4; Dkt. 14-3 (Garma Dec.) ¶¶ 3-4. Plaintiff also submitted a copy of the Notice his attorney's office received, with a date stamp of October 4, 2018. *See* Dkt. 14-1, p. 2.

Generally, "bare allegations of a mail service delay are insufficient to overcome the presumption accorded to the [Commissioner] under the regulations[.]" *Rivera v. Sec'y of Health and Human Servs.*, 1994 WL 594739, at 1 (9th Cir. 1994). Although the Ninth Circuit issued this holding in an unpublished decision, other circuit courts and district courts – including this one – have consistently held the submission of affidavits are "insufficient to rebut the presumption of notice." *See, e.g.*, *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987). As the Fifth Circuit has stated:

> Although the court presumes that these statements, like all statements made or offered by an officer of the court, are made in good faith, they cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the [Commissioner's] notice within five days of the date of mailing. Otherwise, this court would be creating an exception to the Act by which a tardy claimant could avoid the jurisdictional requirements by merely asserting a late delivery of the notice of the [Commissioner's] decision.

*Id.* (citation omitted); *see also Thompson v. Colvin*, 2016 WL 6126028, at *3 (W.D. Wash. Oct. 19, 2016) (finding plaintiff failed to rebut the presumption where he offered "nothing more than the bare assertion that neither he nor his attorney received the Notice within the presumed time period"); *Downey v. Colvin*, 2013 WL 3526761, at *2 (D. Or. July 8, 2013) ("The scant support

offered by plaintiff . . . is not affirmative evidence [of delayed receipt]. . . . Rather, the evidence provided by plaintiff is essentially no more than a reiteration that the notice was not received."); *Lizano v. Astrue*, 2010 WL 626791, at *2 (E.D.N.Y. Feb. 23, 2010), *aff'd*, 411 Fed. Appx. 390 (2d Cir. 2011) ("[plaintiff's] s mere self-serving assertion that he did not receive the . . . notice is insufficient to rebut the presumption of receipt of the letter within five days of its date").

Furthermore, though Plaintiff submitted declarations and a copy of the Notice with a date stamp of October 4, 2018, "courts have rejected such evidence, finding it insufficient to rebut the presumption or establish a reasonable showing of delayed receipt." *See Williams*, 2019 WL 1556659, at *4 (E.D. Cal. April 10, 2019) (declaration from employee at plaintiff's attorney's office about the "practice of stamping mail," and submission of the notice with a "date stamped" receipt, were "insufficient to rebut the presumption") (collecting cases); *Roberts v. Shalala*, 848 F. Supp. 1008, 1015-17 (M.D. Ga. 1994) (affidavit from attorney's receptionist about practices of stamping mail at the office, and date-stamped copy of notice, did not rebut the five-day presumption); *see also Skelton v. Bowen*, 1988 WL 34287, at *1-2 (D.N.J. April 5, 1988) (same).

Thus, as Plaintiff simply submitted declarations and a date-stamped copy of the Notice from his attorney's office, with no other corroborating evidence, the Court concludes Plaintiff failed to make a reasonable showing that he did not receive the Notice within five days. Plaintiff therefore failed to rebut the five-day presumption, and the Court concludes Plaintiff filed the Complaint outside of the applicable statute of limitations. As such, Plaintiff failed to state a claim upon which relief can be granted.[2]

---

[2] Moreover, the Court notes "the majority view is that it is the non-receipt by the *claimant*, not the claimant's attorney, that controls the five-day presumption." *Farmer v. Berryhill*, 2018 WL 5276470, at *2 (S.D. W.Va. Oct. 24, 2018) (quotation marks and citations omitted) (emphasis added) (collecting cases); *see also Franks v. Apfel*, 1999 WL 362901, at *1 (9th Cir. 1999) ("Franks argues that his appeal was timely because it was filed within 60 days of his attorney's receipt . . . However, the statute plainly and unambiguously calculate[s] the date as

**B. Whether equitable tolling applies in this action.**

Defendant next asserts equitable tolling does not apply in this action. Dkt. 12, pp. 5-6.

Despite a complaint being untimely, the Court should not dismiss a case as untimely unless "the assertions of the complaint, read with required liberality, would not permit the plaintiff to prove that the statute was tolled." *Vernon*, 811 F.2d 1274, 1278 (9th Cir. 1987) (citing *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Here, Plaintiff does not assert, nor does the record show, equitable tolling applies. There is no dispute that Defendant or any other agent of the Social Security Administration prevented Plaintiff from asserting his claim by wrongful conduct. Further, Plaintiff does not allege, and the Court does not find, any extraordinary circumstance beyond the Plaintiff's control made it impossible for him to timely file the complaint. Hence, Plaintiff has failed to demonstrate the "extraordinary circumstances" warranting equitable tolling of the statute of limitations. *Pace*, 544 U.S. at 418.

---

running from notice to the claimant, not the claimant's attorney."). Here, Plaintiff's arguments rely on the date his attorney purportedly received the Notice. Further, Plaintiff states in a footnote in the Response that he "would state under penalty of perjury he has no record or recollection when he received his copy of the subject Notice." Dkt. 14, p. 5 n.6. Given Plaintiff's lack of argument and supporting evidence about when he received the Notice, the majority view further supports the Court's conclusion.

## CONCLUSION

Because Plaintiff's Complaint was not filed within the sixty-day limitations period articulated in 42 U.S.C. § 405(g), and because Plaintiff has not demonstrated extraordinary circumstances warranting equitable tolling, the Court hereby finds Plaintiff's Complaint untimely. Therefore, Defendant's Motion (Dkt. 12) is granted and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 27th day of June, 2019.

David W. Christel
United States Magistrate Judge